KENNETH A. FEINSWOG
kfeinswog@aol.com
Bar No. 129562
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone:  (310) 846-5800
Facsimile:    (310) 846-5801

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT
## OF CALIFORNIA

-------------------------------------------------------X       CIVIL ACTION NO.

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.,


                              Plaintiff,                    **COMPLAINT FOR
                                                           TRADEMARK, RIGHT
                                                           OF PUBLICITY
                                                           INFRINGEMENT AND
                                                           UNFAIR COMPETITION**

SHOP JEEN LLC and ERIN
YOGASUNDRAM,


                              Defendants.
-------------------------------------------------------X

## JURISDICTION AND VENUE

     1.     Plaintiff Bravado International Group Merchandising Services, Inc. is a corporation duly organized under the laws of the State of California with a place of business in Los Angeles, California.

1

2.      Upon information and belief, at all relevant times herein, defendants SHOP JEEN LLC and ERIN YOGASUNDRAM, have transacted business in and/or have committed their infringing activities alleged below in the Central District of California and/or knew that said activities would affect plaintiff, a California corporation, and/or would have an effect in the Central District of California.

3.      This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq. and the Copyright Act (17 U.S.C. 101 et seq.)). This Court has jurisdiction over this action under 28 U.S.C.  1331 and 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental jurisdiction over the Second, Third, Fourth and Fifth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4.      Michael Jackson, Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber (the "Musical Groups and Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

5.      Plaintiff has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Groups and Performers throughout the

United States pursuant to agreements with plaintiff and pursuant to which plaintiff has been granted the exclusive right to sell products bearing said parties' respective names, trademarks and likenesses.

6.      Defendants are or were licensing, distributing, advertising and selling unauthorized shirts, backpacks, jewelry, buttons, socks and/or other items embodying the names, trademarks and/or likenesses of the Musical Groups and Performers and/or marks associated with them including, but without limitation to, Yeezy or Yeezus for Kanye West, Drizzy for Drake and the Rolling Stones Tongue Logo (collectively the "Infringing Merchandise") throughout the United States by various means of interstate transport and delivery in violation of the rights of plaintiff and the Musical Groups and Performers under the Lanham Act.

## **BACKGROUND**

7.      Each of the Musical Groups and Performers has achieved nationwide fame and notoriety.

8.      Since the dates as set forth below, each Musical Group and Performer has identified itself with the names and trademarks as set forth below.  Separately, and/or in conjunction with the likenesses of the individual members of the Musical Groups and Performers, the Musical Groups' and Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Groups and Performers from other parties.

3

| Trademark | Trademark Used By Musical Performer As Early As Following Date |
|---|---|
| Michael Jackson | 1969 |
| The Rolling Stones | 1962 |
| Justin Bieber | 2008 |
| Lil Wayne | 2002 |
| Eminem | 1996 |
| Gwen Stefani | 1992 |
| Nicki Minaj | 2008 |
| Kanye West | 2002 |
| Drake | 2006 |
| Lana Del Rey | 2010 |
| Sade | 1984 |

9.     Each of the Musical Groups and Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of licensed merchandise bearing their respective names and/or trademarks, service marks and/or likenesses.  The sale of the Infringing Merchandise by defendants is and will be without permission or authority of plaintiff or any of the Musical Groups or Performers.

10.     The unlawful activity of defendants results in irreparable harm and injury to plaintiff and the Musical Groups and Performers in that, among other things, it deprives plaintiff and the Musical Groups and Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Groups' and Performers' reputations, commercial value and exclusive

4

rights and it irreparably harms and injures the reputations of plaintiff and the Musical Groups and Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 15 U. S. C. 1125(a)

11.     Plaintiff repeats and realleges paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false descriptions in commerce.

13.     The names, trademarks and likenesses of the Musical Groups and Performers and/or marks associated with them including, but without limitation to, Yeezy or Yeezus for Kanye West, Drizzy for Drake and the Rolling Stones Tongue Logo (hereinafter collectively sometimes referred to as the "Musical Groups' and Performers' Marks") have been used as marks to identify the respective Musical Groups and Performers and have been used in connection with their performing services and the sale of various types of merchandise throughout the United States. As a result of same, the Musical Groups' and Performers' Marks have each developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

14.     Infringing Merchandise has been advertised and sold by defendants, containing and/or using the names, trademarks, and/or likenesses of the Musical Groups and Performers.  By misappropriating and using the Musical Groups' and

Performers' Marks in advertising and/or on the goods that defendants have sold, defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15.     The advertising and/or sale by defendants of the Infringing Merchandise has and will infringe upon and dilute the trademarks, names and likenesses of the Musical Groups and Performers.

16.     The advertising and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Groups and Performers and the reputations which all of the Musical Groups and Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

17.     The unlawful merchandising activities of defendants as described above is without permission or authority of plaintiff or any of the Musical Groups and Performers and constitutes express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by plaintiff and/or the Musical Groups and Performers.

18.     The aforesaid acts of defendants are willful violations of 15 U.S.C. 1125(a) in that defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

19.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to plaintiff's and the Musical Groups' and Performers' images and reputations as a result thereof.

20.     As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violation of Section 3344 of the California Civil Code**

21.     Plaintiff repeats and realleges paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

22.     Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber are celebrated musical performers and groups with a proprietary interest, <u>inter alia</u>, in the use in public of their respective names and/or the likenesses of the individual members thereof.

23.     Upon information and belief, defendants have sold and distributed the Infringing Merchandise bearing the names and/or likenesses of Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber and/or have used said names and/or likenesses in advertising for defendants' goods.

24.     Neither plaintiff nor Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber

7

or any party acting on their behalf has given oral or written consent to defendants for the use of said names and/or likenesses on any items and/or in connection with advertising for any goods.

25.    Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber names and/or likenesses on the Infringing Merchandise that they distribute or in advertising for any goods for their commercial benefit without the consent of plaintiff or said parties.

26.    As a result, defendants have deprived plaintiff and the Musical Groups and Performers of the right to control the time, place, terms and manner by which to publicize said parties' respective special talents.

27.    The sale, distribution and/or advertising of Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber irreparable harm and injury.

28.    As a result of defendants' activities, plaintiff and Kanye West, Drake, The Rolling Stones, Sade, Lil Wayne, Eminem, Gwen Stefani, Nicki Minaj, Lana Del Rey and Justin Bieber have been damaged in an amount not yet determined or ascertainable.

8

## AS AND FOR A THIRD CAUSE OF ACTION
### Violation of Common Law Unfair Competition

29.     Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

30.     The trademarks used on the Infringing Merchandise are identical to the trademarks of the Musical Groups and Performers and defendants' use is likely to, and is certainly intended to, cause confusion to purchasers.

31.     Defendants, by misappropriating and using the names, trademarks and/or likenesses of the Musical Groups and Performers have utilized unfair means to usurp the good will and distinctive attributes of the Musical Groups' and Performers' trademarks.

32.     Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their reputations as a result thereof.

34.    As a result of defendants' aforesaid activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity

35.    Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36.    Defendants' unauthorized use of the Musical Groups' and Performers' names and/or likenesses constitutes common law right of publicity violations.

37.    Plaintiff and the Musical Groups and Performers have no adequate remedy at law and, if defendants' activities are not enjoined, plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their images and reputations as a result thereof.

38.    As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A FIFTH CAUSE OF ACTION
## Violation of Section 3344.1 of the California Civil Code

39.     Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

40.     Michael Jackson was a celebrated musical performer with a proprietary interest, inter alia, in the use in public of his name and likeness. Michael Jackson died on June 25, 2009. On July 15, 2009, John Branca and John McClain, the special administrators of the estate of Michael Jackson, on behalf of the Michael Jackson estate, registered a claim pursuant to California Civil Code Section 3344.1. Triumph International, Inc. ("Triumph"), an entity wholly owned by the Michael Jackson estate, has granted the exclusive right to plaintiff to use the Michael Jackson name and likeness in connection with merchandise including backpacks and other goods.

41.     Defendants have used the Michael Jackson name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

42.     Neither plaintiff nor Triumph nor any party acting on behalf of the Michael Jackson estate has given oral or written consent to defendants for the use of Michael Jackson's name and/or likeness.

11

43.     Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Michael Jackson name and likeness in connection with commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of plaintiff or any party authorized to give such consent.

44.     As a result, defendants have deprived plaintiff and the Michael Jackson estate of the right to control the time, place, terms and manner by which to publicize his special talents.

45.     The use of the Michael Jackson name and likeness in connection with the sale and distribution of the Infringing Merchandise by defendants has caused, is causing and will continue to cause plaintiff and/or the Michael Jackson estate irreparable harm and injury. If defendants' activities are not enjoined, plaintiff and/or the Michael Jackson estate will suffer irreparable harm and injury.

46.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Trademark Dilution Under 15 U.S.C. 1125(c)**

47.     Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38 and 40 through 46 of this Complaint as if fully set forth herein.

48.     By virtue of the Musical Groups' and Performers' long and continuous use of the Musical Groups' and Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

49.     Defendants' use of the Musical Groups' and Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Groups' and Performers' marks by lessening plaintiff' and the Musical Groups' and Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

50.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and the Musical Groups and Performers will suffer irreparable harm and injury to their images and reputations as a result thereof.

51.     As a result of defendants' activities, plaintiff and the Musical Groups and Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## Violation of 15 U.S.C. 1114

52.     Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38, 40 through 46 and 48 through 51 of this Complaint as if fully set forth herein.

13

53.     Plaintiff has been granted the exclusive license for the following trademark registered in the United States Patent and Trademark Office:

| Trademark | Registration No. |
|---|---|
| Rolling Stones Tongue Logo | Registration No. 3,747,274 |
| | International Class 26 and other classes |
| | For: Ornamental buttons and pins and other items |
| | |
| | Registered: February 10, 2010 |

54.     Upon information and belief, defendants, with actual and constructive notice of The Rolling Stone's prior use of the Rolling Stones Tongue Logo, have utilized the Rolling Stones Tongue Logo on defendants' products.  Defendants have sold said products by interstate transport and/or in a manner that affects interstate commerce.

55.     Defendants' use of the Rolling Stones Tongue Logo is likely to and is causing confusion, mistake and deception among customers and members of the public as to the source of origin of defendants' goods and is likely to deceive the public into believing that the merchandise being sold by defendants emanates from plaintiff and/or The Rolling Stones to the damage and detriment of plaintiff's and The Rolling Stones' good will, reputation and sales.  Such acts constitute willful violations of 15 U.S.C. 1114.

56.     Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and plaintiff and The Rolling Stones will suffer irreparable harm and injury as a result thereof.

57.     As a result of defendants' activities, plaintiff has been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully pray that this Court grant the following relief:

A.     A Preliminary Injunction restraining, enjoining and prohibiting each of the defendants from manufacturing, distributing or selling any and all merchandise bearing the names, trademarks, and/or the likenesses of any of the Musical Groups and Performers or any one or more of them and/or any trademark associated with any of the Musical Groups and Performers and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe  that merchandise  that defendants are selling was sponsored and/or authorized by plaintiff and/or any of the Musical Groups and Performers;

B.     A Permanent Injunction prohibiting defendants from selling or attempting to sell the aforesaid merchandise;

C.     Three times defendants' profits or three times the damages suffered by plaintiff or the Musical Groups and Performers, whichever is greater, and reasonable attorneys fees and the costs of the action;

D.     Statutory damages of no less than $750.00 for each name and/or likeness that defendants have used on each different product and/or in advertising plus punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and/or 3344.1;

15

E.      Defendants' profits or damages suffered by plaintiff or the Musical Groups and Performers, whichever is greater, plus punitive damages pursuant to the Second, Third, Fourth and Fifth Causes of Action;

F.      Statutory damages and/or treble profits pursuant to 15 U.S.C. 1117 with respect to the Seventh Cause of Action; and

G.      Such other and further relief that this Court deems to be just and proper.

Dated:  October 6, 2014              Respectfully submitted,
              Culver City, CA

                                              By: s/Kenneth A. Feinswog
                                                    KENNETH A. FEINSWOG
                                                    Attorney for Plaintiff
                                                    400 Corporate Pointe, Suite 300
                                                    Culver City, CA 90230
                                                    Telephone: (310) 846-5800
                                                    Facsimile:   (310)-846-5801